IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert C. KNIGHT, Attorney at Law.

Supreme Court

*No. 93–1985–D. Submitted on briefs October 13,
1994.—Decided November 17, 1994.*

(Also reported in 523 N.W.2d 559.)

For Robert C. Knight there were briefs by *Robert C. Knight,* Darien.

For the Board of Attorneys Professional Responsibility there was a brief by *John B. McCarthy,* Madison.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

This is an appeal from the referee's report recommending that the license of Robert C. Knight to practice law be revoked as discipline for professional misconduct in his handling of an estate and in failing to respond to requests from the Board of Attorneys Professional Responsibility (Board) for information concerning his conduct in that estate and in another matter. Attorney Knight appealed from that recommendation and from the referee's granting of the Board's motion for a default judgment.

We determine that the seriousness of the professional misconduct established in this proceeding warrants the revocation of Attorney Knight's license to practice law. His unauthorized and improper distribution of estate assets, his unauthorized payment to himself of attorney fees in the estate and failure to comply with a court order to return those fees, his failure to account for a portion of estate assets, failure to appear pursuant to subpoena at a court hearing in the estate and his failure to respond to the Board, taken together, demonstrate that Attorney Knight is unfit to be licensed to represent others in the legal system. He has placed his own pecuniary interest above those of his client and has ignored the authority of the probate court to ensure the orderly conduct of estate proceedings and the authority of this court to regulate attorney conduct. In addition to the license revocation, we accept the referee's recommendation that Attorney Knight be required to make an accounting for the estate assets that were unaccounted for and return to the estate the fees he took for himself without authorization.

Attorney Knight was admitted to practice law in Wisconsin in 1965 and maintains his law office in Walworth county. He has not been the subject of a prior disciplinary proceeding but has been prohibited from practicing law since June, 1994 for his failure to comply with continuing legal education requirements.

The Board filed its complaint on July 26, 1993. The referee, Attorney Charles Herro, extended the time for Attorney Knight to file a responsive pleading to September 10, 1993 but no responsive pleading was filed. Thereafter, the referee ordered a scheduling conference to be conducted by telephone on October 19, 1993 but the day before that scheduled conference, Attorney Knight requested a postponement and the conference was rescheduled for October 27, 1993. When the referee telephoned him on that date to conduct the conference, Attorney Knight was not in his office and did not appear. The Board then filed a motion for a default judgment.

Thereafter, Attorney Knight spoke with Board staff concerning his intention to file a petition for the consensual revocation of his license and sent such a petition to the Board in November, 1993. The Board objected to the petition because it did not address two rules violations the Board had alleged in its complaint concerning Attorney Knight's handling of funds in an estate. The referee then set a scheduling conference for December 22, 1993 but Attorney Knight did not appear. Attorney Knight later claimed he personally had not received the notice of the scheduling conference the referee had mailed to him. At that scheduling conference, the referee heard the Board's objection to the proffered consensual license revocation petition and granted its motion for default judgment in the disciplinary proceeding. Pursuant to that default judg-

ment, the referee made findings of fact as alleged in the Board's complaint.

In August, 1986, Attorney Knight was appointed personal representative in the intestate administration of an estate and he also served as attorney for that estate. The decedent apparently left no relatives or interested persons in the United States and the intestate administration petition stated that she had five second cousins living in Sweden. When no heirs came forward following publication of the required newspaper notice regarding proof of heirship, Attorney Knight wrote to one of the second cousins telling him that he and his four sisters likely would be sharing equally in the estate.

In May, 1987, Attorney Knight filed a general inventory setting forth estate assets totaling $246,000, approximately $150,000 of which were liquid assets and the balance real estate. Attorney Knight obtained and filed a surety bond in the amount of $125,000 to cover his acts as personal representative in the estate and in June, 1987, he made a partial distribution of $125,000 to the five second cousins in Sweden. He made that distribution without proof establishing the heirship of the second cousins and without an order from the probate court authorizing a partial distribution.

In July, 1987, an attorney for two other second cousins of the decedent, both of whom resided in the United States, contacted Attorney Knight and it then appeared that the estate might have to be distributed in seven equal shares. The probate court held a hearing on proof of heirship in November, 1987 and, notwithstanding testimony from one of the second cousins that there were no heirs of closer relationship to the decedent, the court appointed an attorney to act as

guardian ad litem for unknown heirs. Attorney Knight retained a genealogy service in Sweden during the following year to locate other possible heirs but that service never completed a report of heirship.

·During a hearing in August, 1990 on a petition by the guardian ad litem for an accounting, Attorney Knight disclosed that he had paid himself $20,000 from the estate as legal fees, whereupon the court ordered him to repay that amount to the estate immediately. After learning that Attorney Knight had made a substantial distribution to certain alleged heirs in Sweden, the court ordered a genealogy report on heirship to be made.

In June, 1991, an attorney appeared in court on behalf of a woman claiming to be a first cousin of the decedent, which claim was subsequently confirmed by a genealogy service report. A new proof of heirship filed by the woman's attorney in April, 1992 established that she was the next of kin and sole heir of the decedent. At the hearing on the proof of heirship, the court discharged Attorney Knight as personal representative and attorney for the estate, appointed a new personal representative and appointed the guardian ad litem as attorney for the estate.

In June, 1992, at a hearing on the motion of the estate's new attorney, which Attorney Knight failed to attend despite having been subpoenaed to do so, the court found that Attorney Knight had wrongfully distributed more than $125,000 to persons who were not the next of kin of the decedent and did so without authority of the court. The court held the surety company liable for the face amount of its bond and, because Attorney Knight had not restored the distributions to the estate, ordered payment on the bond to be transferred to the estate. The court also made absolute a

$20,000 lien it had previously ordered placed against Attorney Knight's former residence in the course of a divorce action because of his potential liability for repaying the funds he had paid himself from the estate as a legal fee without authorization. The court order directed the personal representative to enforce that lien.

Shortly after that hearing, the judge wrote to the Board about Attorney Knight's conduct in the estate. Attorney Knight did not respond to two letters from the Board requesting information concerning the matter and did not respond even after having been encouraged to do so by two members of the district professional responsibility committee to which the grievance had been referred for investigation and after he had agreed to do so.

During the district committee's investigation, it was discovered that the accounting Attorney Knight had provided to the successor attorney for the estate revealed that, following the partial distribution of the $125,000 to the Swedish cousins and the $20,000 payment in attorney fees to Attorney Knight, there remained in the estate approximately $43,000 in liquid assets. When questioned, Attorney Knight told the successor attorney that most of the $43,000 had been transferred by wire to the Swedish cousins without his consent but the bank in which the estate assets were held found no record of any wire transfer of estate funds other than the $125,000 that had been distributed in June, 1987. The successor attorney also discovered that Attorney Knight failed to prepare and file federal and state fiduciary income tax returns for the estate for the years 1987 through 1991, although he had prepared those returns for 1986.

The referee concluded that Attorney Knight's distribution of $125,000 from the estate assets to alleged heirs without making proof of heirship and without an order from the probate court authorizing that distribution violated SCR 20:1.1,[1] which requires a lawyer to provide competent representation to a client, and constituted a knowing disobedience of an obligation under the rules of the probate court, in violation of SCR 20:3.4(c).[2] The referee also concluded that Attorney Knight's failure to obtain the results of a genealogical research study to assist him in determining the natural heirs of the decedent constituted a failure to act with reasonable diligence and promptness in representing the estate, in violation of SCR 20:1.3.[3] The referee further concluded that Attorney Knight's payment to himself of $20,000 from the estate assets as attorney fees without obtaining court approval and his failure to return that amount to the estate after the court ordered him to do so constituted charging and

---

[1] SCR 20:1.1 provides:

**Competence**
A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

[2] SCR 20:3.4 provides:

**Fairness to opposing party and counsel**
A lawyer shall not:

. . .

(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

[3] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

accepting an unreasonable fee, in violation of SCR 20:1.5(a),[4] and knowingly disobeying an order of the court, in violation of SCR 20:3.4(c).

The referee also concluded that, by distributing estate assets to persons he knew or should have known were not entitled to them and in failing to account to the successor personal representative for the $43,000 of estate assets, Attorney Knight violated his obligation to hold estate assets in trust, contrary to SCR 20:1.15(a) and (b).[5] In addition, by failing to appear at

---

[4] SCR 20:1.5 provides:

**Fees**

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

[5] SCR 20:1.15 provides:

**Safekeeping property**

(a) A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan

the June, 1992 hearing after being subpoenaed, Attorney Knight violated SCR 20:3.4(c) and his failure to prepare or file federal and state fiduciary income tax returns for 1987 through 1991 constituted violations of SCR 20:1.1 and 1.3. Finally, by failing to respond in writing to two requests from the Board and to two additional requests by the district professional responsibility committee to file a written response to the grievance, the referee concluded that Attorney Knight failed to cooperate with the Board, in violation of SCR 21.03(4)[6] and 22.07(2).[7]

association authorized to do business and located in Wisconsin, which account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import, and no funds belonging to the lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account. . . ."

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[6] SCR 21.03 provides:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[7] SCR 22.07 provides:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged *misconduct or medical*

In an unrelated matter which occurred after he had been removed as personal representative of the estate, the Board commenced an investigation into Attorney Knight's possible misconduct in connection with his divorce action. In late 1992 and early 1993, Attorney Knight did not respond timely to two letters from the Board requesting information concerning the grievance investigation and the tardy response he sent in April, 1993 did not address all of the issues set forth in the Board's request. The referee concluded that Attorney Knight thereby failed to cooperate with the Board's investigation, in violation of SCR 21.03(4) and 22.07(2).

As discipline for Attorney Knight's professional misconduct, the referee recommended that the court revoke his license to practice law, order him to make restitution to the estate for the $20,000 he took as an advance on his legal fee and require him to account for the $43,000 of estate assets, as the probate court had ordered.

In his appeal, Attorney Knight first contended that the referee improperly granted the Board's motion for default judgment. Notwithstanding that he failed to file a responsive pleading to the Board's complaint and did not attend the scheduling conference before the referee, Attorney Knight asserted that the referee erred in rejecting his proffered consensual revocation petition and granting the Board's motion for a default at the scheduling conference on December 22, 1993, for which he claimed not to have received actual notice.

incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

94

Attorney Knight's argument is without merit. He was given ample opportunity to file an answer or other responsive pleading to the Board's complaint but did not do so, even after having sought and obtained an extension of time from the referee. In addition, he chose not to attend the initial scheduling conference, which had been reset at his request. When the referee scheduled a conference on the Board's motion for a default, he sent Attorney Knight a letter notifying him of that conference and stating that his failure to appear might result in a default. That letter was sent to Attorney Knight's address of record and there is no indication that it was not delivered. At no time prior to that scheduling conference did Attorney Knight inform the referee or the Board that he would be unable to appear.

■

Attorney Knight next asserted, for the first time on appeal, that he suffered alcohol dependency during the time his professional misconduct occurred and that medical incapacity, not professional misconduct, should be the basis of any suspension of his license. We reject that argument, as Attorney Knight could have petitioned for a medical suspension of his license but did not do so. Contrary to Attorney Knight's contention, it was not the Board's responsibility to convert this proceeding from misconduct to medical incapacity merely because the file in the divorce action, which the Board reviewed in the course of its investigation, made reference to Attorney Knight's alcoholism.

■

Finally, Attorney Knight objected to the referee's recommendation that he be required to make restitution to the estate of the full amount of the $20,000 legal fee he had paid to himself without court authorization. He asserted that the judge in his divorce action, who

was also the judge in the probate matter, directed that his former residence be sold and that $20,000 of the proceeds of that sale be deposited with the court pending the outcome of the estate proceeding and specifically provided that any amount not needed to make the estate whole was to be included as property division and maintenance for Attorney Knight's former spouse. Thus, Attorney Knight argued, the court required repayment to the estate only to the extent that the $20,000 exceeded the fee to which he was entitled for his work in the estate. There is merit to Attorney Knight's argument and we modify the referee's recommendation accordingly.

■

We adopt the findings of fact and conclusions of law and, with modification, the referee's recommendation for discipline. Attorney Knight's lack of competence and neglect in handling the administration of the estate, his irresponsibility in handling estate funds and his knowing disobedience of court orders and requirements for authorization prior to making distributions and taking fees constitute serious disregard of his fiduciary responsibility as attorney for the estate. Moreover, by his failure to repay the attorney fees he had taken from the estate without authorization, his failure to appear before the probate court pursuant to subpoena and his repeated failure to respond to requests from the Board for information in its investigation into allegations of his misconduct, he seriously breached his professional responsibilities.

IT IS ORDERED that the license of Robert C. Knight to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order or 60 days of the date of determina-

tion of his entitlement to attorney fees in the probate proceeding, whichever occurs later, Robert C. Knight shall make restitution to the estate for monies to which he was not entitled.

IT IS FURTHER ORDERED that within 90 days of the date of this order Robert C. Knight shall make an accounting to the probate court for the assets that were unaccounted for in the estate.

IT IS FURTHER ORDERED that within 60 days of the date of this order Robert C. Knight pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Robert C. Knight comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.